## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge R. Brooke Jackson

Civil Action No. 13-cv-00939-RBJ

LARRY GIROUX,

    Plaintiff and Counterclaim Defendant,

v.

HEARTLAND TECHNOLOGY PARTNERS, LLC,

    Defendant, Counterclaim Plaintiff and Third Party Plaintiff,

v.

GIROUX GROUP, LLC,

    Third Party Defendant.

---

## PROTECTIVE ORDER

---

    Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information that one or more parties claim constitutes confidential information, IT IS SO ORDERED THAT:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers given to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, DOCUMENT means a writing, as defined in F.R.E. 1001(a), and also described in F.R.C.P. 34(a)(1)(A), and shall also include without limitation, all written or graphic material of every kind and description however produced or reproduced. and includes the original or a copy of handwriting, typewriting, printing, photostating, photographing, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.  The word DOCUMENT is to be construed as broadly as the law including the Federal Rules of Civil Procedure allow and includes without limitation, books, records, statements, invoices, contracts, appraisals, purchase orders, work orders, change orders, accounts letters, telegrams, notes, memoranda, reports, summaries, diaries, payroll records, logs, work sheets, facsimile transmissions, information capable of retrieval and stored upon computer data disks including hard drives, jump drives, letters, emails, photographs, audio and video tapes.

3. A draft or non-identical copy is a separate document within the meaning of this term.

4. Information designated "CONFIDENTIAL" shall be information that implicates the privacy interests of Plaintiff, Defendant or Third Party Defendant and/or information contained in confidential business records and communications. CONFIDENTIAL information shall not be disclosed or used for any purpose except in settlement, pretrial discovery, at the trial or in preparation for trial, or for any appeals of this action.

*Giroux v. Heartland Technology Partners, LLC*
United States District Court for Colorado, Civil Action No. 13-cv-00939-RBJ
Page **3** of **8**

5. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed, unless subject to another rule of non-disclosure such as F.R.E. 408, as follows to:

   (a) attorneys who are actively working on this case and persons employed in the firms of such attorneys;

   (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings;

   (c) the parties;

   (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings herein;

   (e) the Court in this case and its employees, as well as any jurors seated, or as necessary for any appeals of this action;

   (f) stenographic or other court reporters who are engaged in proceedings necessarily incident to the conduct of this case;

   (g) deponents, during the course of a deposition (or otherwise pursuant to clause (h)); and;

   (h) fact witnesses whom the disclosing attorney reasonably believe have firsthand knowledge relating to the CONFIDENTIAL Information, such as by having been involved in preparation of the document containing the

Case 1:13-cv-00939-RBJ   Document 31   Filed 09/18/13   USDC Colorado   Page 4 of 8

*Giroux v. Heartland Technology Partners, LLC*
United States District Court for Colorado, Civil Action No. 13-cv-00939-RBJ
Page **4** of **8**

CONFIDENTIAL Information, having been a recipient of such document, having supplied the CONFIDENTIAL Information contained in such document, or being the subject of such document;

  (i) to a party or court issuing a valid subpoena in another action, provided that the subpoenaed party first provides notice to counsel of record of the party claiming confidentiality within 24 hours of service of the subpoena. Included with the notice shall be a copy of the subpoena;

6. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the term "CONFIDENTIAL," or by designating them as "CONFIDENTIAL" in correspondence from counsel to the party producing documents. The first method is to be used whenever possible when the party producing the documents is also the party which designates them CONFIDENTIAL. Any information designated by a party as CONFIDENTIAL must first be reviewed by a lawyer and the designation as CONFIDENTIAL must

Case 1:13-cv-00939-RBJ   Document 31   Filed 09/18/13   USDC Colorado   Page 5 of 8

*Giroux v. Heartland Technology Partners, LLC*
United States District Court for Colorado, Civil Action No. 13-cv-00939-RBJ
Page **5** of **8**

be based on a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(1)(G).

8. Producing or receiving materials or otherwise complying with the terms of this Protective Order shall not:

    (a) operate as an admission by any party that any particular discovery material contains or reflects any CONFIDENTIAL information or a trade secret under applicable law;

    (b) prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or otherwise protected from or limited in discovery on the basis of privilege or otherwise;

    (c) prejudice in any way the rights of a party to seek a Court determination regarding whether particular discovery materials should be produced; or

    (d) prejudice in any way the rights of a party to apply to the Court for any additional protection with respect to the confidentiality of information as that party may consider appropriate.

9. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the portions of the deposition containing such information shall be designated on the record as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate all or any portion of depositions as CONFIDENTIAL after transcription, provided written notice of the

Case 1:13-cv-00939-RBJ   Document 31   Filed 09/18/13   USDC Colorado   Page 6 of 8

*Giroux v. Heartland Technology Partners, LLC*
United States District Court for Colorado, Civil Action No. 13-cv-00939-RBJ
Page **6** of **8**

designation is given promptly to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

10. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made and the legal and factual basis for the objection. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is filed timely, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11. In the event any Party desires to file a motion, pleading, document, brief, memorandum, or any other paper with this Court which discloses any CONFIDENTIAL Information, or the substance thereof, then the intent to file such motion, pleading, document, brief, memorandum, or other paper (or, if

Case 1:13-cv-00939-RBJ   Document 31   Filed 09/18/13   USDC Colorado   Page 7 of 8

*Giroux v. Heartland Technology Partners, LLC*
United States District Court for Colorado, Civil Action No. 13-cv-00939-RBJ
Page **7** of **8**

appropriate, the confidential portion thereof) shall be disclosed to the non-filing party claiming confidentiality at least 24 hours prior to the proposed filing. The parties shall then work in good faith to reach an agreement which addresses or eliminates the need to file the motion, pleading, document, brief, memorandum, or other paper or the need to disclose the purported Confidential information. Any conference or failure to confer as required by this order shall be included in a statement in the filing.

12. At the conclusion of this case, including any appeals or the expiration of time for initiating an appeal, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents; provided, however, that counsel for each party may retain one copy of the CONFIDENTIAL documents for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the party that produced the documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

13. This Stipulated Protective Order may be modified by written agreement of the parties or by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

14. The foregoing Stipulated Protective Order is APPROVED and made an ORDER of this Court.

*Giroux v. Heartland Technology Partners, LLC*
United States District Court for Colorado, Civil Action No. 13-cv-00939-RBJ
Page **8** of **8**

DATED this 18th day of September, 2013.

BY THE COURT:

_____
Hon. R. Brooke Jackson,
United States District Court Judge