IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 13-cv-00939-RBJ

LARRY GIROUX,

    Plaintiff,

v.

HEARTLAND TECHNOLOGY PARTNERS, LLC,

    Defendant.

## ORDER

This comes before the Court *sua sponte* on an issue of subject matter jurisdiction. For the reasons set forth herein, the Court finds that it does not have jurisdiction and, therefore, remands the case to the District Court for the Ninth Judicial District (Garfield County) from which it was removed.

**Facts**

Larry Giroux's employment was terminated by his employer, Heartland Technology Partners, LLC, on February 7, 2011. He sued Heartland in the Garfield County District Court (mislabeled as the Garfield County Court on the complaint), alleging that he is entitled to certain earned and vested but unpaid compensation on two alternate theories: (1) violation of the Colorado Wage Claim Act, and (2) breach of an oral employment agreement. He demands judgment for $62,266.97 in unpaid compensation; penalties of 125% of the unpaid compensation; an additional 50% for Heartland's alleged willful failure to pay; and costs and attorney's fees.

Mr. Giroux alleged in his complaint that he is citizen of Colorado, and that Heartland is a Delaware corporation with its principal place of business in Missouri. In a cover sheet filed with the complaint his counsel checked boxes indicating that simplified procedure under Rule 16.1 of the Colorado Rules of Civil Procedure does not apply because Mr. Giroux is seeking a monetary judgment exceeding $100,000. Based upon the facts alleged in the complaint and the cover sheet, Heartland removed the case to this Court, asserting federal subject matter jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. 1332(a)(1). In a counterclaim Heartland alleged that Mr. Giroux was a partial owner of Heartland through his entity, Giroux Group, LLC.

Based on these allegations the Court raised the jurisdictional issue at the initial scheduling conference and asked counsel to investigate the citizenship of the members of Heartland Technology Partners, LLC. They have now jointly reported that Mr. Giroux is a member of the Giroux Group, LLC, which in turn is a member of Heartland Technology Partners, LLC. The parties recognized that, based on this information and case law from this district and elsewhere, the Court "will likely hold that Heartland's citizenship for diversity jurisdiction is the same as Mr. Giroux's" and remand the case. Joint Status Report [docket entry #33] at 1-2.

**Discussion**

To meet the diversity of citizenship requirement for federal jurisdiction there must be complete diversity between all plaintiffs and all defendants. *Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005). Under the law of the circuits that have considered the issue, and previous orders of judges in this district, a limited liability company takes on the citizenship of each of its members. *See, e.g.*, *Block 5 Asset, LLC v. QPK Design*, No. 13-CV-772-MSK, 2013 WL

1342545, at *1 (D. Colo. April 1, 2013); *U.S. Advisor, LLC v. Berkshire Property Advisors, LLC*, No. 09CV697-PAB, 2009 WL 2055206, at *2 (D. Colo. July 10, 2009) (citing cases). The court drills down as far as necessary "to unravel fully the citizenship of the entity before the court." *Makris v. Tindall*, No. 13CV750—PAB, 2013 WL 1222372, at *3 (D. Colo. March 25, 2013).

Here, one of the members of the defendant, Heartland Technology Partners, LLC, is the Giroux Group, LLC. One of the members of the Giroux Group, LLC is the plaintiff, Mr. Giroux. Ultimately, therefore, Heartland Technology Partners, LLC takes on the citizenship of Mr. Giroux, among others, for diversity of citizenship purposes. Accordingly, because there is neither diversity of citizenship between the plaintiff and the defendant nor any other basis for federal jurisdiction, this Court must remand the case.

**Order**

The case is remanded to the District Court for the Ninth Judicial District, Garfield County, Colorado.

DATED this 1st day of October, 2013.

BY THE COURT:

*[signature: Brooke Jackson]*

_____
R. Brooke Jackson
United States District Judge